Eminent domain; taking; liability of United States for unauthorized use of idea by lessee of offshore oil site; failure to state a claim for which relief can be granted. — On May 9, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This suit, seeking compensation for the unauthorized use of plaintiffs idea, is before the court on defendant’s motion *629 to dismiss. We conclude that plaintiff has not stated a claim for which we can grant relief and dismiss his petition.
Plaintiff sent to Union Oil Company of California, in February 1969, an idea for halting the escape of oil from offshore oil wells the company had drilled off the coast of Santa Barbara. Union Oil responded to plaintiffs suggestion that it would accept the concept only under the terms of a "Letter Agreement”' it sent plaintiff to sign, which "assur[es] you of the retention of your patent rights but otherwise accept[s] no obligation on our part.” Plaintiff signed the "Letter Agreement” and returned it to Union Oil. It stated in pertinent part:
1. That unless and until I enter into a separate written agreement with Union on mutually satisfactory terms, Union shall have no rights whatsoever under any valid patent, trademark or copyright which I may now or hereafter own or control; and I shall remain free to grant such rights and/or to disclose said information to others.
H: * * % ¡fc
That by receiving such information, and any additional information, whether or not in writing, no obligation of any kind is assumed by, or is to be implied against Union; and that Union shall have no obligations with respect thereto other than those which may be or become embodied in a formal written agreement with me.
Plaintiff then applied for a patent for his idea, "Control of Escaping Oil & Gas Offshore.” The Patent Office rejected it, however, as unpatentable in view of the prior art. The United States Court of Customs and Patent Appeals upheld this decision. In re Nathaniel C. Willis, Sr., No. 75-596 (C.C.P.A. Dec. 18, 1975) (unpublished).
Plaintiff then sued Union Oil in a California court for allegedly improperly using his patent, but the suit was dismissed. He now sues the United States, claiming it is liable for the unauthorized use of his idea by Union Oil because the company operated under an oil drilling lease granted by the government.
Although plaintiff apparently invokes our jurisdiction over patent infringement cases, 28 U.S.C. § 1498(a) (1976), plaintiff cannot sue thereunder because he failed to obtain *630 a patent. His claim is more accurately characterized as one for a taking of his property interest in the idea allegedly appropriated by Union Oil. He has not shown any basis, however, upon which the United States would be liable on that theory.
The United States may be liable for the acts of a third party only if the third party was "an agency or instrumentality of the United States.” Porter v. United States, 204 Ct. Cl. 355, 360, 496 F.2d 583, 587 (1974), cert. denied 420 U.S. 1004 (1975); accord, Edison Sault Electric Co. v. United States, 213 Ct. Cl. 309, 522 F.2d 326 (1977). No such showing has been made in this case. Union Oil merely leased certain government property from the United States, in order to exploit resources beneath the government land for its own commercial gain. The United States had no proprietary interest in any oil Union Oil might discover, which it sold in the course of its business. The government was not involved in the process of exploring for oil with Union Oil. There is no evidence that it authorized or knew of any details of the drilling operations, including what devices were employed to stop escaping oil.
In short, Union Oil was not acting as an agent of the United States in conducting drilling operations on the property it leased from the United States. The United States therefore is not liable for any damage plaintiff may have suffered from Union Oil’s alleged appropriation of his idea. He therefore has failed to state a claim cognizable in this court.
Defendant’s motion to dismiss is granted, and the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied, 449 U.S. 864 (1980).